UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GENE DESHAWN M. WATKINS,                                        Plaintiff,

v.                                                              Civil Action No. 3:16-cv-286-DJH

WAVE 3 *et al.*,                                                Defendants.

* * * * *

## MEMORANDUM OPINION

Plaintiff, Gene DeShawn M. Watkins, *pro se* and *in forma pauperis*, has brought a civil rights complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff brings this action against Wave 3 and one of its reporters, Dawn Gee. He alleges violations of his First and Fourteenth Amendment rights as well as "stalkin" and "Professional neglect." Plaintiff claims as follows:

> I wrote Rhymes and I Never got paid for it that's a violation of my 14 admendment rights I am chargin for professional negelect I am the guy who found the cure for cancer it come from the liquid from the colon that's late stages of colon cancer I came up w/a run Quarter jog Quarter Spring Quarter jog Quarter sprint Wave 3 wont say nothing cuz of espionage, obstruction, interfering in a federal investigation for havin gov equipment that run is dominating the horse industry.

Plaintiff attached a document (DN 1-1) to his complaint which appears to be a continuation of his claims. Therein, he states as follows:

> [F]or 14 yrs I have went threw investigation tellin my story threw emails and Wave 3 knew about my telepity they wont say nothing about it cuz of the sheild law so Wave 3 women and some men was havin sex to it havin kids and then

come on tv like they know nothing I came up w/a run Quarter Sprint Quarter jog Quarter Sprint Quarter jog and Nike and NBC got the run off of ABC see w/this telepity gift ppl can read my thoughts especially women my sister was murdered May/19/2014 and news stations put her face on TV I am sayin incompetence professional neglect violation of my 14 admendment rights and my 1st admendment rights the feds was givin out gov equipment what I think in my head a women can hear I reach from Louisville around the globe longitude and latitude this been goin on for over a decade and news stations wont say nothing cuz y they have gov equipment which is espionage, inteferrin in a fedral investigation, and obstruction.

As for the relief he seeks, Plaintiff states, "I seekin damages for me telepity I don't have a price cuz I don't know a price lets say 200 mil and hr for 15 yrs I make women have orgasms w/o touchin threw gov earphones that was passed out to News organizations by the feds that's price is includin interest."

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim

upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although Plaintiff cites to two constitutional amendments, he has no cause of action directly under the Constitution.  "The Constitution does not directly provide for damages; thus, in order to sustain his constitutional causes of action, [plaintiff] must proceed under one of the statutes authorizing damages for constitutional violations." *Sanders v. Prentice-Hall Corp.*, No. 97-6138, 1999 WL 115517 (6th Cir. Feb. 8, 1999).  Title 42 U.S.C. § 1983 provides the exclusive remedy for pursuing the constitutional violations alleged by Plaintiff. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989).  Therefore, the Court construes Plaintiff's claims as being brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996) ("A plaintiff must allege a cause of action under 42 U.S.C. § 1983 in order to bring a claim of a constitutional violation of the First or Fourteenth Amendments".).

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988).  The Constitution does not apply to the conduct of private persons; it applies to conduct

by the government.  Conduct of private parties "lies beyond the Constitution's scope in most instances, . . . [though] governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints."  *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991).  A private citizen is not liable for an alleged constitutional violation unless: (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and (2) "the private party charged with the deprivation could be described in all fairness as a state actor."  *Id.*

Here, Plaintiff has named as Defendants a media company and one of its reporters. Nothing in Plaintiff's complaint shows that Defendants are state actors, *i.e.*, acted under color of state law.  Therefore, the federal claims must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, the Court finds that the instant action must be dismissed as frivolous.  An action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).  The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke v. Williams*, 490 U.S. at 328). Here, Plaintiff's claims "contain[] no legal theory upon which a valid federal claim may rest" and, to the extent they may be deciphered, are "delusional"; dismissal is appropriate.  *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

### III. CONCLUSION

For the foregoing reasons, by separate Order, this action will be dismissed.

Date: September 7, 2016

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4415.003